Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7452 | **DATE** | 9/6/2001 |
| **CASE TITLE** | Bowman vs. American Drug Stores | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant Osco's motion for summary judgment and plaintiff Bowman's motions to strike (22-1, 26-1) are denied. The parties are reminded that the pretrial order in conformity with Local Rule 16.1 and Form LR 16.1.1 is due by 10/12/01. The case is set for a pretrial conference on 10/223/01 at 3:00 p.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP - 7 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 38 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP -6 PM 4:35 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **BEVERLY BOWMAN,** | ) | |
| | ) | DOCKETED |
| **Plaintiff,** | ) | SEP - 7 2001 |
| | ) | |
| v. | ) No. 00 C 7452 | |
| | ) | |
| **AMERICAN DRUG STORES,** | ) | |
| **d/b/a/ OSCO DRUG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In March 2000, Plaintiff Beverly Bowman was terminated by American Drug Stores d/b/a Osco Drug ("Osco") on the grounds that she violated Osco's Employee Discount Policy by making unauthorized purchases with her employee discount. Bowman has sued Osco under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), alleging that her termination was the result of unlawful age discrimination. This case is before the Court on Osco's motion for summary judgment and Bowman's motions to strike portions of affidavits attached to Osco's motion. For the reasons outlined below, both motions are denied.

## FACTUAL BACKGROUND

From October 1989 through March 2000, Bowman was employed in various capacities at Osco Drug Store No. 36, located in Oswego, Illinois. During Bowman's tenure with Osco, the company had in place an Employee Discount Policy (the "Policy"). Under the Policy, employees are permitted to makes purchases at "cost" plus a certain percentage, with the amount of the percentage depending on the form of payment used – i.e., credit card, cash, check. The

Policy further provides that employees may use their employee discount only when purchasing items for their personal use, or for the personal use of spouses, children, parents, or siblings who reside in the same household as the employee. Employees are also permitted to use their discount to buy gifts for others for "recognizable occasions," a term that is undefined in the Policy.

In January 2000, Bowman received a one-day suspension for ringing up a discounted purchase for the daughter of an employee from a different Osco store. Osco claims this action violated the Policy because only an employee or spouse (not a child) can make a discounted purchase and because employees from other stores can only use the discount with approval from the store manager. Bowman admits that she rang up the purchase at issue, but denies that she violated the Policy. *See* Plaintiff's Response to Defendant's Statement of Alleged Undisputed Material Facts ¶¶ 14-16.

On March 26, 2000, Bowman's daughter came into Store 36 with Bowman's grandson. During that visit, Bowman used her employee discount to purchase a pacifier and some medicinal drops for her grandson, and she handed the purchases directly to her daughter to take home. Neither Bowman's daughter or grandson live with her. A supervisor at the store, Cheri McCarthy, witnessed the transaction and reported the incident to a Store Assistant Manager, as Store Manager Donald Betley was on vacation. When Betley returned from vacation, he reviewed a videotape showing the transaction and a witness statement prepared by McCarthy. Betley then contacted Timothy Throw in Osco's central Loss Prevention Department, who advised Betley to suspend Bowman, pending further investigation.

Throw investigated Bowman's suspect purchase. Bowman advised him that she

-2-

had purchased the items for her grandson as a gift, which is permitted under the Policy. The parties dispute the issue of whether Bowman purchased the items as a gift. Throw ultimately referred the case to Osco's Director of Labor Relations, Sandra Zubik. When a loss prevention issue arises, Zubik is charged with reviewing the information presented to her and making a decision as to what discipline is in order. According to Osco, Zubik gives instructions to terminate employees on the first violation of the Employee Discount Policy. Indeed, in the Region where Bowman worked, from March 1998 through March 2001, Zubik terminated approximately 90% of the employees who were investigated by the Loss Prevention Department for violating the Policy, many of whom were under the age of forty. Zubik reviewed the charge against Bowman and ultimately authorized Bowman's termination.

Bowman was terminated on or about March 20, 2000, at which time she was 47 years old. She filed a discrimination charge with the EEOC on August 2, 2000 and received a right-to-sue letter on August 29, 2000.

## DISCUSSION

*Defendant Osco's Motion for Summary Judgment*

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The ADEA prohibits discrimination on the basis of an employee's age. 29 U.S.C.

§ 623(a)(1). To succeed on her ADEA claim, Bowman must establish that her employment would not have been terminated "'but for' [her] employer's intentional age-based discrimination." *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F. 3d 391, 396 (7th Cir. 1997), 523 U.S. 1118 (1998) (quoting *Konowitz v. Schnadig Corp.*, 965 F.2d 230, 232 (7th Cir. 1992)). Bowman can meet this burden either with direct evidence of discrimination or by proceeding under the indirect burden-shifting method set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Bowman argues that the evidence permits her to proceed under both methods.

To establish discrimination by the direct method, Bowman must provide evidence that the trier of fact can interpret as an acknowledgment or indication of the employer's discriminatory intent. *See Chiaramonte*, 129 F.3d at 396 (citing *Hill v. Burrell Communications Group, Inc.*, 67 F.3d 665, 667 (7th Cir. 1995)). Such evidence must relate "to the motivation of the decision-maker responsible for the contested decision." *Id.* (citing *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 203 (7th Cir. 1996)).

Bowman offers as direct evidence a statement made by Store Manager Betley. Bowman asserts that when Betley first notified her that she was suspended because she violated the Policy, she complained to Betley that other employees were permitted to "do the same thing" that she had done. *See* Deposition of Beverly Bowman, p. 130; Plaintiff's Memorandum in Opposition to Summary Judgment, p. 8-9. According to Bowman, Betley responded that it was "okay" for others to violate the Policy, but that Bowman was "old enough" and "knew better." *See* Deposition of Beverly Bowman, p. 130; Plaintiff's Memorandum in Opposition to Summary Judgment, p. 8-9.

As an initial matter, Osco challenges Bowman's evidence on the grounds that

-4-

Sandra Zubik, Osco's Director of Labor Relations, was the ultimate decision-maker in Bowman's case – not Betley – and that Zubik had no knowledge of Bowman's age when she made the termination decision. *See, e.g.*, Defendant's Memorandum in Support of Summary Judgment, p. 7. Bowman argues, however, that it was Betley who decided who to report (and not report) to Loss Prevention for violations of the Policy – an action that in most cases resulted in employee termination. Accordingly, his alleged statements should be considered.[1] We agree. While "[s]tatements by a non-decision maker that amount to mere speculation as to the thoughts of the decision-maker are irrelevant" to our analysis, *Chiaramonte*, 129 F.3d at 397, Betley was more than a mere spectator here. Rather, Betley played a role in the chain of decision-making that ultimately resulted in Bowman's termination, and his alleged words should not be ignored simply because he did was not the final link in that chain. *See generally Alexander v. Wisconsin Department of Health and Family Services*, No. 00-2603, slip. op. at 16 (7th Cir., August 27, 2001) (concerning input into challenged decision by a non-decision maker with discriminatory animus). Further, although Betley's comment was not made directly in connection with the challenged decision, because it may be indicative of age bias, it is nonetheless admissible as direct evidence. *See Huff v. UARCO, Inc.*, 122 F.3d 374, 380 (7th Cir. 1997).

Osco further argues that Betley's alleged statement that Bowman was "old enough to know better" is meaningless because, at the time it was made, Bowman was complaining about other employees in the protected age group, and because the statement is "the type of statement one would make to a child." Defendant's Memorandum in Support of Summary

---

[1] Indeed, as Osco points out, Ms. Zubik terminated thirty of thirty-three employees who were reported to the Osco Loss Prevention Department for violating the Employee Discount Policy.

Judgment, p. 6. Though a jury could conclude that Betley's statement does not, when considered in context, reflect any age-related animus, the jury could just as easily conclude that Betley's statement was indicative of an age bias – i.e., that he would hold older employees to a stricter standard than younger ones. This determination must be left for the jury.

Although Bowman can survive summary judgment based on her direct evidence alone, she also survives summary judgment under the indirect *McDonnell Douglas* burden-shifting method. To prevail under a *McDonnell Douglas* approach, Bowman must first establish a prima facie case of age discrimination. To do this, Bowman must show: (1) she was in the protected age group of 40 or older; (2) she was performing her job satisfactorily; (3) she was discharged; and (4) substantially younger, similarly-situated employees were treated more favorably or she was replaced by a substantially younger individual. *Chiaramonte*, 129 F.3d at 398 (citations omitted). If a plaintiff can establish a prima facie case, the burden then shifts to the defendant to provide a legitimate, non-discriminatory reason for its employment decision. *Id.* If the employer does so, the burden shifts back to the plaintiff to show that the employer's stated reason is just a pretext for discrimination. *Id.* Though the burden of producing evidence shifts between the employee and the employer, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993) (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

The parties do not dispute that Bowman satisfies the first and third prongs of *McDonnell*, and Osco concentrates its arguments on the second and fourth prongs. First, Osco asserts that Bowman was not performing "satisfactorily" at the time of her termination because

she violated a stated company policy. In essence, Osco is arguing the validity of its proffered non-discriminatory reason for the termination. As discussed below, this issue is genuinely disputed, and it does not provide a basis upon which to grant summary judgment. Second, Osco argues that Bowman cannot meet the fourth prong of *McDonnell* because she was replaced by an older worker. But even if this is so, Bowman can still satisfy the fourth prong of *McDonnell* by offering evidence that substantially younger, similarly-situated employees were treated more favorably. *Chiaramonte*, 129 F.3d at 398.

Osco has offered a non-discriminatory reason for discharging Bowman, so we move to the issue of pretext. An employee can survive a motion for summary judgment on the issue of pretext if she produces evidence that calls into question the employer's proffered reasons for dismissal. *O'Connor v. DePaul University*, 123 F.3d 665, 670 (7th Cir. 1997). "If the employee succeeds in casting doubt on the proffered reason for dismissal, the ultimate question of whether the employer discriminated against the employee must be left for a jury to consider." *Id.* (citations omitted). Osco argues that Bowman's dismissal is the result of her misuse of the Employee Discount Policy and that it terminates employees who make unauthorized purchases "regardless of the severity of the violation, regardless of whether it is the employee's first offense, and regardless of the employee's age." Defendant's Memorandum in Support of its Motion for Summary Judgment, p.1. Yet Bowman offers evidence that the Policy was <u>not</u> uniformly enforced for all employees: *e.g*, that younger employees violated the Policy without being reported to Loss Prevention and without being terminated; that these so-called "kids" were treated differently than Bowman; and that the store did not "expect the same [behavior] from them." *See, e.g.*, Plaintiff's Memorandum in Support of Summary Judgment, p. 5. Bowman's

claims are corroborated to some extent by the testimony of other workers at Osco Store 36.

In response, Osco argues, fairly convincingly, that workers <u>over</u> forty also violated the Employee Discount Policy without being reported to Loss Prevention, thus undercutting Bowman's claim of age discrimination. Though Bowman's pretext evidence may not seem overly compelling given the evidence of older workers allegedly violating the Policy without reprimand, Bowman has offered enough evidence to require the case to be decided by a jury.

*Bowman's Motions to Strike*

Also before the Court are Bowman's motions to strike portions of the affidavits of Sandra Zubik and Donald Betley on the grounds that they are conclusory in nature and contradicted by other sworn testimony. These motions are denied as moot in light of our ruling denying Osco's summary judgment motion.

## CONCLUSION

For the reasons stated above, Defendant Osco's motion for summary judgment and Plaintiff Bowman's motions to strike (docket items 22-1 and 26-1 respectively) are denied. The parties are reminded that the final pretrial order in conformity with Local Rule 16.1 and Form LR 16.1.1 is due by October 12, 2001. The case is set for a final pretrial conference on October 23, 2001 at 3:00 p.m.

Dated: September 6, 2001

MATTHEW F. KENNELLY
United States District Judge